[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 5, 2005
THOMAS K. KAHN
CLERK

No. 04-14579
Non-Argument Calendar
_____

Agency No. A79-417-252

JOEL ARTURO GONZALEZ-GOMEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(May 5, 2005)**

Before TJOFLAT, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

The Board of Immigration Appeals ("BIA") summarily affirmed without opinion the decision of the Immigration Judge ("IJ") denying the applications of Petitioner, a citizen of El Salvadore, for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and protection under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). Petitioner now petitions this court to review the BIA's decision.[1] As indicated in the margin, see note 1, what this appeal boils down to is whether substantial evidence supports the IJ's denial of Petitioner's application for asylum on the ground that the evidence he presented in support of his application—namely, his own testimony—was not credible.[2]

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is:

---

[1] In appealing the IJ's decision to the BIA, Petitioner did not address the IJ's denial of withholding of removal or CAT protection. We therefore consider Petitioner to have abandoned any challenge he may have to these two rulings. See 8 U.S.C. § 1252(d)(1); Al Hajjar v. Ashcroft, 257 F. 3d 1262, 1285 n. 14 (this court lacks jurisdiction when an alien fails to exhaust his administrative rulings prior to judicial review) (citations omitted). Nor did Petitioner address the denial of withholding of removal or CAT protection in his brief to us. The only issue before us, therefore, concerns the denial of Petitioner's application for asylum.

[2] Where, as here, the BIA does not issue its own opinion but instead adopts the IJ's opinion, we review the IJ's decision. D-Muhumed v. United States Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004).

any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of <u>persecution or a well-founded fear of persecution on account of</u> race, religion, nationality, <u>membership in a particular social group</u>, or <u>political opinion</u> . . . .

8 U.S.C. § 1101(a)(42)(A) (emphasis added).

The asylum applicant carries the burden of proving statutory "refugee" status. See <u>D-Muhumed</u>, 388 F.3d at 818. Uncorroborated but credible testimony from the applicant alone may suffice to sustain the burden of proof for asylum. 8 C.F.R. § 208.13(a). Indications of reliable testimony include consistency on direct examination, consistency with the written application for asylum, and the absence of embellishment as the applicant repeatedly recounts his story. <u>Matter of B-</u>, 21 I & N Dec. 66, 70 (BIA 1995). The weaker the applicant's testimony, the greater the need for corroborative evidence. See <u>Matter of Y-B-</u>, 21 I & N Dec. 1136, 1139 (BIA 1998). A single inconsistency may be sufficient to sustain an adverse credibility finding if the inconsistency is related to the alien's basis for his fear and goes to the heart of his asylum claim. See <u>Chebchoub v. INS</u>, 257 F.3d 1038, 1043 (9th Cir. 2001). Additionally, if the IJ provides specific examples of vague, inconsistent, and implausible statements by the alien, and the alien does not

provide corroborating evidence to bolster the weaknesses in his testimony, an adverse credibility finding is supported by substantial evidence. Id. at 1042-44.

Petitioner entered the United States at Miami International Airport on August 12, 2001, using a counterfeit Guatemalan passport that he had purchased for $6,000. In a sworn statement he gave the immigration inspector that day, Petitioner stated that he had come to the United States to seek employment and a better life for his family and that his only fear upon being returned to El Salvador was that he owed a great deal of money to the persons who had supplied him with the false passport. This statement differed greatly from what he said in his subsequent asylum application and his sworn testimony, in which he asserted that he feared some delinquents who had attempted to extort money from his brother and were to be released from jail. Testifying before the IJ, Petitioner initially said that he learned of the impending release in August 1999, then changed his story and said that he learned of such release in August 2001. It is unclear whether Petitioner gave these patently inconsistent statements because he was confused or simply untruthful. In any event, he provided no evidence to corroborate either date. In fact, the affidavit of his brother gave yet another date for when Petitioner learned of the impending release of the delinquents, September or November 2001. This affidavit further undermined Petitioner's credibility.

4

The IJ denied Petitioner's application on the ground that his testimony regarding the critical elements of his claim for asylum claim was not believable. We cannot fault the IJ for doing so. In sum, because substantial evidence supports the IJ's decision, we do not disturb it.

PETITION DENIED.